**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

AKIN O. WILLIAMS,                                                                                          PETITIONER
ADC # 108027

v.                                              5:14CV00233-KGB-JJV

RAY HOBBS, Director,                                                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

Petitioner Akin Williams is an inmate at the Arkansas Department of Correction (ADC) Varner Unit where he is serving sixty (60) years for one count of rape. (Doc. No. 2.) He was convicted by a Hempstead County jury on October 27, 2010. (*Id.*)

Mr. Williams timely appealed, contending that the trial court erred by: (1) refusing to grant his motion for mistrial; (2) denying his motion for a directed verdict; (3) permitting the introduction of evidence related to his initial refusal to give a DNA sample; and (4) refusing to permit the introduction of the victim's criminal history. *Williams v. State,* 2011 Ark. App. 675. The Arkansas Court of Appeals affirmed Mr. Williams's conviction on November 9, 2011. *Id.* In its opinion, the Court of Appeals recited the following facts:

> The victim, A.A., testified that on November 27, 2009, she was in Hope, Arkansas, partying with acquaintances, one of whom was [Williams]. After drinking at a club, she, [Williams], and Korey Wesley drove to another location to obtain some cocaine. Wesley, with his passengers, then began to drive [Williams] home. However, Wesley was stopped by police and arrested. [Williams] and A.A. were then picked up by [Williams]'s sister and taken to [Williams]'s house, where A.A. made phone calls, trying to get a ride home. When A.A. was unable to obtain a ride, [Williams] allowed her to stay at his house.
>
> A.A. testified that she was lying on the floor under a blanket, watching television, when [Williams] tried to persuade her to "sleep with" him, saying that he did not have

a girlfriend and she did not have a boyfriend. She refused and asked to use the phone again. Instead of getting the phone for A.A., [Williams] came up behind her, choked her, and told her she was going to have sex with him because she had used his drugs. She begged him not to do this and offered him money; he told her to "just shut the 'F' up" and take off her clothes. A.A. said that Williams made her disrobe, then he had sex with her while holding her down against her will. She estimated that the rape occurred for a period of two hours while she cried and prayed. Afterward, he tried to make her bathe to remove any evidence, but she convinced him that it was too cold to bathe and that she would not go to the police.

She testified that she was able to contact a friend to pick her up and take her to another friend's house, where she called a police officer that she knew. The officer sent a deputy to take her to the hospital for a rape examination. At the hospital, she was given a prescription for medication to calm her down. The record notes at several points that she was sobbing as she gave her testimony about the rape. She testified that the rape had negatively affected her life. She identified [Williams] as her rapist.

Nurse Christie Waller testified that she was working in the Medical Park emergency room when A.A. came in reporting the rape at 9:15 a.m. While Waller saw no bruising, she observed that A.A. seemed to be in shock. Waller collected A.A.'s clothing and performed parts of the rape kit. Waller and the doctor collected oral, vaginal, and rectal swabs, pubic hair, and blood. She turned that evidence over to Heath Ross, an investigator for the Hempstead County Sheriff's Department.

Ross testified that when he arrived at the hospital to see A.A., she was "highly upset, very upset, crying." He collected her clothing and the rape kit from Nurse Waller and sent them to the Arkansas State Crime Laboratory (ASCL) for analysis. He testified that A.A. identified [Williams] in a photo lineup as the man who had raped her. Ross also submitted to the crime laboratory DNA from an oral swab collected from [Williams]. He testified that [Williams] was ordered to submit to a DNA test, but "flat out refused." However, [Williams] provided the DNA sample after he was ordered to do so the second time.

Ryan Kemp, a forensic serologist at the ASCL, testified that he performed tests on the rape kit that showed semen on the vaginal swabs, rectal swabs, and underwear. Joseph Hof, a DNA forensic analyst for the ASCL, testified that the vaginal swabs indicated DNA from two persons. From a blood sample given by A.A., she could not be excluded as a contributor to part of that DNA. The other major contributor from the vaginal-swab-DNA sample matched [Williams]'s DNA profile. The strength of that match was "quite high" so that Hof "was able to conclude that the DNA identified as a major component of [the vaginal swab] originated from Akin Williams within all scientific certainty."

*Williams v. State,* 2011 Ark. App. 675 at 3-5.

On January 24, 2012, Mr. Williams filed a petition for post conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. (Doc. No. 8-4.) In his petition, Mr. Williams alleged his counsel was ineffective, that being charged for three counts of rape was a violation of double jeopardy, that he was entitled to relief because his confession was coerced and thereby inadmissible, and finally that his right to due process was violated because the information failed to specify the date and time of the alleged crimes. (*Id*.) Two days later, the circuit court denied Mr. Williams's requested relief in an order entered January 26, 2012. (Doc. No. 8-6.)

Mr. Williams appealed that decision to the Arkansas Supreme Court, asserting only one allegation of ineffective assistance of counsel — that his trial counsel had been ineffective because he had failed to object to the chain of custody of the vaginal swabs taken from the victim. (Doc. No. 9-2.) On October 3, 2013, the Arkansas Supreme Court affirmed the trial court because his claim had not been raised in his Rule 37 petition, and therefore, he could not raise that issue on appeal. *Williams v. State,* 2013 Ark. 375 (2013).

Mr. Williams now seeks relief through the instant federal Petition for Writ of Habeas Corpus (Doc. No. 2) filed on June 12, 2014. In it, he alleges: (1) the trial court erred in refusing to grant his motion for mistrial during voir dire; (2) there was insufficient evidence to convict him; (3) the trial court erred in admitting evidence that he refused to submit DNA; and (4) the trial court erred in refusing to permit the introduction of the victim's criminal history. (*Id*. at 5-10.) Mr. Williams also alleges - as he did in his appeal to the Arkansas Supreme Court - that his trial counsel was ineffective because there was a break in the chain of custody of the vaginal swabs; this is Mr. Williams's fifth and final claim. (*Id.* at 17.)

After careful review of the Petition and Response, this Court concludes the Petition should be DISMISSED for the following reasons.

## II.     ANALYSIS

### A.     Claims 1, 2 and 5

Respondent argues the first and final claims in Mr. Williams's Petition are procedurally defaulted. (Doc. No. 9 at 3, 7-8.) The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the State the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Here, Mr. Williams claims that after the State impermissibly questioned in its voir dire, he moved for a mistrial and the trial court erroneously denied that motion. That claim was also raised on direct appeal, but the Arkansas Court of Appeals refused to consider it because his motion was made too late. The court specifically held:

> [Williams's] argument cannot be reached because his mistrial motion was untimely. The Arkansas Supreme Court has been resolute in holding that a motion for mistrial must be made at the first opportunity. See *McCoy v. State*, 2010 Ark. 373, 370 S.W.3d 241. That is because the circuit court must be given the opportunity to correct any perceived error before prejudice occurs. *Id.*

*Williams,* 386 S.W.3d at 614.

As the Respondent correctly notes, this claim is therefore defaulted in the instant case. See *Spillers v. Housewright,* 692 F.2d 524, 527 (8th Cir. 1982) ("[N]on-compliance with the state

contemporaneous objection rule precludes habeas relief.")

At first blush, Mr. Williams's second claim that there was insufficient evidence to convict him appears to have been re-alleged from the sufficiency challenge he raised in state court. However, in the instant Petition before this Court, Mr. Williams raises for the first time that it was insufficient under the Fourteenth Amendment. (Doc. No. 2 at 7.) That causes this claim to also be defaulted. In order to give state courts a meaningful opportunity to correct alleged violations of prisoners' federal rights, those courts "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Wyldes v. Hundley*, 69 F.3d, 247, 251 (8th Cir. 1995) (quoting *Duncan v. Henry*, 513 U.S., 364, 365-366 (1995)).

In Mr. Williams's case, the state courts decided no federal issue because no federal issue was presented to them. And, in the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke,* 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of

6

materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here because no federal issue was presented to the state court in Mr. Williams's sufficiency challenge. Therefore, this claim is also procedurally defaulted.

The Arkansas Supreme Court refused to consider Mr. Williams's fifth claim - that his trial lawyer was ineffective for failing to object to the chain of custody of the victim's vaginal swabs - on appeal because it had never been made in the lower court. See *Williams v. State*, 2013 Ark. 375. Because he failed to do so, his claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Neither is applicable here. Mr. Williams fails to show any cause or prejudice to excuse his undisputed procedural default.

Although questions arise whether the United States Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), could generally lead to a showing of "cause" for procedurally defaulted

claims, the Court concludes it would not apply in this case. Assuming *Martinez* applies, this Court would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Williams had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Williams had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. Williams's claims fail on the first prong of the analysis. Given the facts in this case and the claims raised, the Court concludes that none of the defaulted claims rise to the level of "substantial."

      **B.**      **Remaining Claims**

Mr. Williams's remaining claims (3 and 4) are not cognizable in a federal habeas corpus petition. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts.

Claims based on errors of state law are not cognizable in federal habeas petition. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Whether a state court complied with state law in its criminal proceedings is purely a matter for the state courts and is not reviewable by a federal court under the due process clause. *Cox v. Hutto,* 589 F.2d 394, 395 (8th Cir. 1987). Habeas courts do not sit to review state law claims. *See Meyer v. Sargent,* 854 F.2d 1110, 1116 (8th Cir. 1988). Here, Mr. Williams's claims of the admissibility of his refusal to submit a DNA test is an issue of state evidentiary law - as is his claim that the trial court erred by prohibiting the victim's prior criminal record into evidence. Both of these claims cite no federal law at all. They are issues of Arkansas

8

law and "whether evidence was properly admissible under [Arkansas] law is no part of [habeas] review, because habeas review does not lie to correct errors of state law." *Middleton v. Roper*, 498 F.3d 812, 820 (8th Cir. 2007).

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted*." Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); see also *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is procedurally defaulted, not cognizable and without merit. Therefore, no certificate of appealability should be issued.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.   A certificate of appealability should not be issued.

DATED this 23rd day of December, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE